Lin v. Garland

BIA
A078 471 884

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-two.

PRESENT:
    JOSÉ A. CABRANES,
    REENA RAGGI,
    DENNY CHIN,
        *Circuit Judges.*

─────────────────────────────────

XIU FENG LIN,
        *Petitioner,*

    v.                                    **19-3666**
                                          **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

─────────────────────────────────

FOR PETITIONER:          Carissa Tyler, Esq., Alexander G. Rojas, Esq., Barst Mukamal & Kleiner LLP, New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Anna Juarez, Senior Litigation Counsel, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Xiu Feng Lin, a native and citizen of the People's Republic of China, seeks review of an October 21, 2019, decision of the BIA denying her motion to reopen. *In re Xiu Feng Lin,* No. A078 471 884 (B.I.A. Oct. 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Lin's 2018 motion was untimely and number barred because it was filed more than 15 years after her 2003 removal order and it was her fourth motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing for one motion to reopen within 90 days). The BIA declined to excuse the time and number limits in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), concluding that

Lin's hearing notice stopped her accrual of the physical presence required for cancellation of removal.

For a non-permanent resident, like Lin, to be eligible for cancellation, she must have accrued 10 years of continuous physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A). In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear ("NTA") to include a hearing time and place to trigger the "stop-time rule," ending the accrual of physical presence. 138 S. Ct. 2105, 2113-20 (2018). After *Pereira*, the BIA held that where an NTA omits this information, the accrual of time stops when the missing information is provided in a hearing notice. *See Matter of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019). The Supreme Court has recently rejected the BIA's position, holding that an NTA that does not contain a hearing date and time is not cured for purposes of the stop-time rule by a subsequent notice of hearing that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485-86 (2021) (requiring the Government to issue a single NTA containing all statutorily required information

rather than providing the information in separate documents). Accordingly, we vacate the BIA's decision insofar as it relies on *Matter of Mendoza-Hernandez & Capula-Cortes* to conclude that Lin has not accrued the requisite physical presence for cancellation of removal and remand for consideration of her motion to reopen in light of *Niz-Chavez v. Garland*.[1]

Lin's remaining argument that the agency lacked jurisdiction over her removal proceedings is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110-12 (2d Cir. 2019). In *Banegas Gomez*, we held that *Pereira* addresses a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Id.* at 110 (emphasis in original). The Supreme Court's ruling in *Niz-Chavez* similarly focuses on the stop-time rule and does not address the IJ's jurisdiction, which is governed by separate regulation unrelated to the statutory provision establishing the stop-time rule. *See Niz-Chavez*, 141 S. Ct. at 1480-81; *Banegas Gomez*, 922 F.3d at 111-12 (citing 8 C.F.R. §§ 1003.13, 1003.14(a), 1003.18(b)).

---

[1] The government does not argue, and we therefore do not consider, whether Lin's accrual of continuous presence was halted upon entry of a final order of removal, but we do not foreclose consideration of this question on remand.

For the foregoing reasons, the petition for review is GRANTED in part, DENIED in part, and the case is REMANDED for further consideration consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court